IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES C. SIMON, ET AL. | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 16-4540 |
| THE FIRST LIBERTY | : | |
| INSURANCE CORPORATION | : | |

## MEMORANDUM

**SURRICK, J.**                                                          **DECEMBER 5, 2016**

Presently before the Court is Defendant's Motion to Dismiss for Failure to State a Claim.
(ECF No. 8.)  For the following reasons, Defendant's Motion will be granted.

## I.      BACKGROUND

This action involves an insurance coverage dispute.  Plaintiffs submitted claims under
their homeowners' insurance policy after their home was damaged.  After several of their claims
were denied, Plaintiffs brought suit against Defendant, alleging breach of contract, negligence,
negligent and intentional misrepresentation, and bad faith.  In this Motion, Defendant seeks
dismissal of the negligence claim.  For the reasons that follow, Defendant's Motion will be
granted.

### A.      Factual Background[1]

Plaintiff's Complaint alleges that Plaintiffs James and Robyn Simon resided in a single
family home at 57 Eastwood Road in Berwyn, Pennsylvania.  (Compl. ¶ 7, Notice of Removal
Ex. A, ECF No. 1.)  On May 24, 2015, Plaintiffs' water heater caught fire, causing significant
fire and smoke damage to the house.  (*Id.* ¶¶ 7-8.)  At the time, Plaintiffs had a valid

---

[1] For the purpose of this Motion, the factual allegations in the Complaint are taken as
true.  *See Rocks v. City of Phila.*, 868 F.2d 644, 645 (3d Cir. 1989).

homeowner's insurance policy, which stated that Plaintiffs would be reimbursed for losses due to fire.  (*Id.* ¶¶ 3-4, 6.)   Plaintiffs made claims and filed paperwork documenting loss to their homeowner's insurance company, Defendant The First Liberty Insurance Corporation.  (*Id.* ¶ 9.) Plaintiffs also hired Young Adjustment Company to represent them in their recovery of the losses.  (*Id.* ¶ 10.)  The adjustment company negotiated reimbursement for losses related to structural and smoke damage, living expenses, and contents.  (*Id.* ¶ 11.)  Plaintiffs were given a $10,000 advance for contents; contributions for living expenses, including hotel and storage costs; and contributions for cleanup.  (*Id.* ¶ 13.)  However, Defendant did not pay Plaintiffs the full amount of the costs associated with repairing the home, including replacing hardware, flooring, doors, windows, kitchen cabinetry, venting, and electrical systems.  (*Id.* ¶¶ 14, 20, 22.) Defendant also refused to reimburse Plaintiffs for costs associated with replacing appliances, furniture, and personal possessions; installing interior drywall, appliances, and a radon system; and obtaining permits and code upgrades.  (*Id.* ¶¶ 14, 16, 22, 24.)

Defendant repeatedly informed the hotel where Plaintiffs were staying that Plaintiffs were moving out, even though repairs to the house had not been completed.  (*Id.* ¶ 15.) Defendant also failed to respond promptly to requests to assess further damages, as well as the progress of construction.  (*Id.* ¶ 17.)  On one occasion, Defendant delayed repairs for 45 days while waiting for an engineer's assessment as to whether walls and insulation on the second floor suffered smoke damage.  (*Id.* ¶ 23.)  In addition, Defendant failed to respond to requests to assess damages caused by fire equipment to vinyl siding, as well as damage to the driveway caused by construction trucks and dumpsters.  (*Id.* ¶ 21.)  Due to the failure to advance funds and slow reimbursements, Plaintiffs were required to self-finance repair costs, which caused significant construction delays.  (*Id.* ¶ 18.)

2

**B.      Procedural History**

On May 9, 2016, Plaintiffs filed a Writ of Summons in the Court of Common Pleas in Philadelphia, Pennsylvania.  On July 20, 2016, Plaintiffs filed a Complaint.  (*Id.*)  The Complaint contains four claims:  a claim for breach of contract (Count I); a negligence claim (Count II); a negligent and intentional misrepresentation claim (Count III); and a bad faith claim (Count IV). (Compl. ¶¶ 30-40.)  On August 18, 2016, Defendant filed a Notice of Removal to this Court. (ECF No. 1.)  On August 25, 2016, Defendant filed a Motion to Dismiss for Failure to State a Claim.  (Mot. to Dismiss, ECF No. 8.)  Plaintiffs filed a Response in Opposition to the Motion to Dismiss on September 8, 2016.  (Resp. to Mot. to Dismiss, ECF No. 8.)  Defendant filed a Reply to the Response on September 13, 2016.  (Def.'s Reply, ECF No. 10.)  Plaintiffs filed a Surreply on September 27, 2016.  (Pls.' Surreply, ECF No. 12.)

**II.      LEGAL STANDARD**

Under Federal Rule of Civil Procedure 8(a)(2), "[a] pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted.  A motion under Rule 12(b)(6), therefore, tests the sufficiency of the complaint against the pleading requirements of Rule 8(a).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  A complaint that merely alleges entitlement to relief, without alleging facts that show entitlement,

must be dismissed. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). Courts need not accept "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . ." *Iqbal*, 556 U.S. at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*. at 679. This "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

In determining whether dismissal of the complaint is appropriate, courts use a two-part analysis. *Fowler*, 578 F.3d at 210. First, courts separate the factual and legal elements of the claim and accept all of the complaint's well-pleaded facts as true. *Id*. at 210-11. Next, courts determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "'plausible claim for relief.'" *Id*. at 211 (quoting *Iqbal*, 556 U.S. at 679). Given the nature of the two-part analysis, "'[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *McTernan v. City of York Penn.*, 577 F.3d 521, 530 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679).

## III.    DISCUSSION

Defendant seeks to dismiss only the negligence claim asserted in Count II. (Mot. to Dismiss 1.) In Count II, Plaintiffs allege that Defendant was negligent in improperly handling Plaintiffs' insurance claims. (Resp. to Mot. to Dismiss 7.) Specifically, Plaintiffs allege that Defendant was negligent in, *inter alia*, failing to timely adjust claims, failing to consider all documentation, failing to investigate, failing to properly train adjusters, and failing to respond

4

promptly.  (Compl. ¶ 33.)   Defendant argues that Count II should be dismissed because
Pennsylvania's gist of the action and economic loss doctrines bar the negligence claim.  (Mot. to
Dismiss 4, 7.)

### A.      Gist of the Action Doctrine

The gist of the action doctrine is "designed to maintain the conceptual distinction
between breach of contract claims and tort claims by precluding plaintiffs from recasting
ordinary breach of contract claims into tort claims."  *Williams v. Hilton Grp. PLC*, 93 F. App'x
384, 386 (3d Cir. 2004) (citing *eToll, Inc. v. Elias/Savion Adver., Inc.*, 811 A.2d 10, 14 (Pa.
Super. Ct. 2002)).  Determining whether the gist of the action doctrine applies "call[s] for a fact-
intensive judgment as to the true nature of a claim."  *Williams v. Hilton Group PLC*, 93 F. App'x
384, 386 (3d Cir. 2004).  "To evaluate whether the gist of the action doctrine applies, a court
must identify the duty breached, because 'the nature of the duty alleged to have been breached . .
. [is] the critical determinative factor in determining whether the claim is truly one in tort, or for
breach of contract.'"  *Downs v. Andrews*, 639 F. App'x 816, 819 (3d Cir. 2016) (quoting *Bruno
v. Erie Ins. Co.*, 106 A.3d 48, 68 (Pa. 2014)).

Defendant argues that the gist of Plaintiffs' negligence claim is based on the breach of
contractual duties.  (Mot. to Dismiss 5.)  Plaintiffs respond that their negligence claim does not
arise from the contractual relationship with Defendant, but instead from Defendant's conduct
during the claims-handling process.  (Resp. Mot. 7.)  In *Bruno v. Erie Ins. Co.*, the Pennsylvania
Supreme Court determined that

> [i]f the facts of a particular claim establish that the duty breached is one created
> by the parties by the terms of their contract—i.e., a specific promise to do
> something that a party would not ordinarily have been obligated to do but for the
> existence of the contract—then the claim is to be viewed as one for breach of
> contract.  If, however, the facts establish that the claim involves the defendant's
> violation of a broader social duty owed to all individuals, which is imposed by the

law of torts and, hence, exists regardless of the contract, then it must be regarded
as a tort.

106 A.3d at 68 (internal citation omitted).

Here, Plaintiffs' negligence claim is based solely on Defendant's failure to perform
reasonably under its contractual obligations set forth in the homeowners' insurance policy.
Plaintiffs allege that Defendant failed to:  investigate and adjust the claims on a timely basis;
properly supervise and train adjusters; advise Plaintiffs; and respond promptly to inquiries.
(Compl. ¶ 33.)  Each of these allegations involves an obligation that Defendant would not be
bound to aside from the insurance agreement.  The law "will imply an agreement by the parties
to a contract to do and perform those things that according to reason and justice they should do in
order to carry out the purpose for which the contract was made . . . ."  *John B. Conomos, Inc. v.
Sun Co. (R&M)*, 831 A.2d 696, 706 (Pa. Super. Ct. 2003) (quoting *Diamon v. Penn Mut. Fire
Ins. Co.*, 372 A.2d 1218, 1226 (Pa. Super. Ct. 1977)).  Courts should "refrain from doing
anything that would destroy or injure the other party's right to receive the fruits of the contract."
*Id.*

In insurance contracts, there is "implied in the policy . . . a promise by [the insurer] that it
would exercise reasonable care in investigating a claim by [the insured]."  *Diamon*, 372 A.2d at
1226.  Plaintiffs do not point to a broader social duty existing outside of the contract.  This is not
a case where the contract can be "regarded merely as the vehicle, or mechanism, which
established the relationship between the parties, during which the tort of negligence was
committed."  *Bruno*, 106 A.3d at 70.  Plaintiffs' negligence claim is nothing more than a breach
of contract claim recast as one in tort.  Therefore, the gist of the action doctrine bars the claim.
*See Scott v. Foremost Ins. Co.*, No. 15-3257, 2015 WL 5818267, at *3 (E.D. Pa. Sept. 30, 2015)
(barring plaintiff's negligence claim where it was alleged that the defendant failed to properly

investigate the insurance claim and adequately train its employees, as such duties were only contractual); *Cimildoro v. Metro. Prop. & Cas. Ins. Co.*, No. 09-1907, 2010 WL 891838, at *4 (E.D. Pa. Mar. 8, 2010) (barring plaintiff's negligence claim where it was alleged that the defendant repaired flood damage in a careless manner, which caused more damage in the form of mold, as such a duty was only contractual); *Fass v. State Farm Fire & Cas. Co.*, No. 06-02398, 2006 WL 2129098, at *4 (E.D. Pa. July 26, 2006) (barring plaintiff's negligence claim where it was claimed that the defendant failed to appraise a claim and explain the limits of coverage); *but see Bell v. Able & Sullivan, LLC*, No. 16-1851, 2016 WL 4771857, at *4 (E.D. Pa. Sept. 13, 2016) (finding that plaintiffs' negligence claim was not barred by the gist of the action doctrine where the defendant contractors, who were hired to remove lead paint, performed their work in such a poor manner that they breached their social duty not to endanger the health of the public).

Plaintiffs contend that the gist of the action doctrine has not been applied in an insurance coverage context by the Pennsylvania Supreme Court. (Resp. to Mot. to Dismiss 8.) Plaintiffs cite to *Nat'l Fire Ins. Co. of Hartford v. Robinson Fans Holdings, Inc.*, No. 10-1054, 2011 WL 1327435, at *1 (W.D. Pa. Apr. 7, 2011), for the proposition that the gist of the action doctrine cannot be invoked to bar a claim in the context of an insurance dispute. (Resp. to Mot. to Dismiss 8.) However, the issue in *National Fire* concerned an insurance company's duty to defend an insured against a lawsuit. Because of the broad duty to defend, the court found that the gist of the action doctrine cannot be used to limit an insurance company's duty when a corresponding claim within the same lawsuit falls under the insurance policy. *Nat'l Fire Ins. Co. of Hartford*, 2011 WL 1327435, at *1; *see also Berg Chilling Sys. Inc. v. Hull Corp.*, 70 F. App'x 620, 624 (3d Cir. 2003) ("We have made clear that a court undertaking a duty to defend coverage analysis should not rely entirely upon whether a plaintiff characterizes its claim as one

arising in tort or contract.").[2]   A duty to defend analysis is not appropriate in this case.   We are

not asked to determine whether Defendant must defend Plaintiffs.   A quick review of the most

recent case law reveals that district courts in Pennsylvania have applied the gist of the action

doctrine when dealing with insurance disputes.   *See, e.g.*, *Monck v. Progressive Corp.*, No. 15-

250, 2015 WL 1638574, at *8 (M.D. Pa. Apr. 13, 2015) (barring plaintiff's negligence claim

where it was alleged that the defendant insurance company did not reimburse her for injuries

sustained in an automobile accident); *Plummer v. State Farm Fire & Cas. Co.*, No. 13-01579,

2014 WL 2960473, at *4 (W.D. Pa. June 27, 2014) (dismissing plaintiffs' contractual claims

recast in tort where it was alleged that the defendant insurance company failed to pay for

damages to a house caused by severe weather); *Cimildoro*, 2010 WL 891838, at *4 (barring

plaintiff's negligence claim where defendant insurance company had a contractual duty to repair

plaintiff's home and defendant insurance company hired a company that negligently performed

the repair work).   For all of the foregoing reasons, Plaintiffs' negligence claim under Count II

will be dismissed.[3]

---

[2] In addition, Plaintiffs cite to *Cicon v. State Farm Mut. Auto. Ins. Co.*, where the court
stated that it was sympathetic to the argument that "the Supreme Court of Pennsylvania has
never adopted the gist of the action doctrine in an insurance coverage dispute."   No. 3:14-2187,
2015 WL 926148, at *4 (M.D. Pa. Mar. 4, 2015).   However, the *Cicon* court went on to find,
based upon the weight of authority, that the gist of the action doctrine barred the plaintiff's
negligence claim, as it was "wholly dependent on the terms of the contract . . . ."   *Id.* at *4
(internal quotations omitted).

[3] Plaintiffs also put forth a series of arguments as to why their negligence claim should
not be dismissed.   Plaintiffs state in their Complaint that Defendant was negligent for violating
the "Claims Adjusting Act[,] . . . the statutes for insurance protocols" and "insurance provisions
and statutes"; failing to "follow proper claims, procedures and practices under all of the
appropriate laws"; and being "otherwise negligent in fact and at law."   (Compl. ¶ 33, Notice of
Removal Ex. A.)   We are not aware of the statute entitled the "Claims Adjusting Act," and
Plaintiff has failed to name the other statutes that were allegedly violated.   Even if we were to
construe the argument as negligence under a theory of negligence per se, we cannot evaluate the
sufficiency of the claim without knowing the statute that was violated.   Plaintiffs also argue that
because they have stated a claim for bad faith—which may be proven by negligent conduct—the

### B.      Economic Loss Doctrine

Defendant also argues that the economic loss doctrine bars Plaintiffs' negligence claim. The economic loss doctrine provides that "no cause of action exists for negligence that results solely in economic damages unaccompanied by physical injury or property damage." *Excavation Techs., Inc. v. Columbia Gas Co. of Pa.*, 985 A.2d 840, 841 n.3 (Pa. 2009) (internal quotation omitted).  The doctrine "prohibits plaintiffs from recovering in tort economic losses to which their entitlement flows only from a contract.'"  *Werwinski v. Ford Motor Co.*, 286 F.3d 661, 671 (3d Cir. 2002) (quoting *Duquesne Light Co. v. Westinghouse Elec. Corp.*, 66 F.3d 604, 618 (3d Cir. 1995)).  Like the gist of the action doctrine, the economic loss doctrine is "designed to . . . establish clear boundaries between tort and contract law." *Id.* at 680.           Plaintiffs' negligence claim fails under the economic loss doctrine.  Plaintiffs' losses are economic in nature; Plaintiffs do not allege that Defendant caused personal injury or damaged the home.  *See Am. Stores Properties, Inc. v. Spotts, Stevens & McCoy, Inc.*, 648 F. Supp. 2d 707, 713 (E.D. Pa. 2009) (finding the economic loss doctrine barred the plaintiff's negligence claim because it was not alleged that the defendant contractor caused personal injury or damaged the plaintiff's property).  In addition, as discussed above, Plaintiffs' damages flowed only from their contract with Defendant.  "The rationale of the economic loss rule is that tort law is not intended to compensate parties for losses suffered as a result of a breach of duties assumed only by agreement."  *Enslin v. The Coca-Cola Co.*, 136 F. Supp. 3d 654, 672 (E.D. Pa. 2015) (quoting *Palco Linings, Inc. v. Pavex, Inc.*, 755 F. Supp. 1269, 1271 (M.D. Pa. 1990)).  "Compensation for losses suffered as a result of a breached agreement 'requires an analysis of damages which

negligence claim can stand.  (*See* Resp. to Mot. to Dismiss 4.)  However, "Pennsylvania [c]ourts have consistently held . . . that a [common law] bad faith claim sounding in contract is subsumed within a breach of contract claim."  *Fingles v. Cont'l Cas. Co.*, No. 08-05943, 2010 WL 1718289, at *3 (E.D. Pa. Apr. 28, 2010).

were in the contemplation of the parties at the origination of the agreement, an analysis within the sole purview of contract law.'"  *Factory Mkt., Inc. v. Schuller Int'l, Inc.*, 987 F. Supp. 387, 396 (E.D. Pa. 1997) (quoting *Auger v. Stouffer Corp.*, No. 93-2529, 1993 WL 364622, at \*3 (E.D. Pa. Aug. 31, 1993)).

Where, as here, "the crux of [the] [p]laintiff's allegations . . . is that [the] [d]efendant has not fulfilled its obligations under the insurance contract," the economic loss doctrine bars recovery for that failure.  *Vaughan v. State Farm Fire & Cas. Co.*, No. 14-1684, 2014 WL 6865896, at \*5 (E.D. Pa. Dec. 3, 2014); *see also McGuckin v. Allstate Fire & Cas. Ins. Co.*, 118 F. Supp. 3d 716, 721 (E.D. Pa. 2015) (finding that the economic loss doctrine barred the plaintiff's UTPCPL claim, where it was alleged that the defendant insurance company did not conduct an adequate investigation, failed to communicate promptly with plaintiff, and committed various acts of misconduct throughout the course of negotiations); *McWalters v. State Farm Mut. Auto. Ins. Co.*, No. 10-4289, 2011 WL 2937417, at \*4 (E.D. Pa. July 21, 2011) (finding that the economic loss doctrine barred the plaintiff's negligence claim, where it was alleged that the defendant insurance company refused to pay for the plaintiff's medical bills following an automobile accident, as such a duty to pay was contractual); *Spivack v. Berks Ridge Corp. Inc.*, 586 A.2d 402, 405 (Pa. Super. Ct. 1990) (finding that the plaintiffs' negligence claim, which alleged that the defendant contractors did not build a condominium as specified in the contract, was barred by the economic loss doctrine because it was not alleged that the defendant caused personal injury or property damage).  Accordingly, Plaintiffs' negligence claim in Count II is barred under the economic loss doctrine.

C.      **Motion to Amend**

Plaintiffs argue that they have sufficiently stated a claim under the Pennsylvania Unfair

Trade Practices and Consumer Protection Law (UTPCPL), 73 Pa. Stat. Ann. § 201-1 *et seq.*

(Resp. to Mot. to Dismiss 5-6.)  However, such a claim is not listed in the Complaint.  A

complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds

upon which it rests." *Liberty Lincoln-Mercury, Inc. v. Ford Motor Co.*, 676 F.3d 318, 326 (3d

Cir. 2012) (internal quotation omitted).  Plaintiffs assert that because they stated in their

Complaint that Defendant had violated "the insurance provisions and statutes," and failed to

"follow proper claims, procedures and practices under all of the appropriate law," (Compl.

¶¶ 33(h), (l)), Defendant was given sufficient notice.  This argument is baseless.  In the

alternative, Plaintiffs request to amend their Complaint to assert a claim under the UTPCPL in

the event that the Court concludes that such a claim was not alleged.  A claim under the

UTPCPL was not alleged.  Courts may deny requests to amend a complaint when amendment

would be "futile." *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000).  Amendment is futile if

"the complaint, as amended, would fail to state a claim upon which relief could be granted."

*Travelers Indem. Co. v. Dammann & Co.*, 594 F.3d 238, 243 (3d Cir. 2010) (internal quotation

omitted).

Here, Plaintiffs' proposed amendment would be futile.  The Third Circuit has held that

the economic loss doctrine may bar UTPCPL claims.  *See, e.g.*, *Werwinski v. Ford Motor Co.*,

286 F.3d 661, 681 (3d Cir. 2002).   "[W]hen the alleged deceptive conduct is clearly interwoven

with the contract, and the plaintiff seeks damages that flow from the contract, a UTPCPL claim

cannot be brought." *Tubman v. USAA Cas. Ins. Co.*, 943 F. Supp. 2d 525, 530 (E.D. Pa. 2013)

(citation and quotations omitted).  Plaintiffs allege that Defendant's deceptive conduct occurred

11

during the handling of the claims and by their failure to respond promptly.  (Resp. to Mot. to Dismiss 6.)  This UTPCPL claim is barred by the economic loss doctrine.  *See Tubman*, 943 F. Supp. 2d at 531 (finding the economic loss doctrine barred the plaintiff's UTPCPL claim where it was alleged that the defendant insurance company did not properly handle her claim).

IV.    **CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss Count II of the Complaint will be granted.  In addition, Plaintiffs' request to amend the Complaint will be denied.  An appropriate Order follows.

**BY THE COURT:**


**_/s/ R. Barclay Surrick_**
**U.S. District Judge**

12